**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CENTER FOR SOCIAL JUSTICE,

          Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION,
          Defendant.

Case No. _____

**COMPLAINT**

## INTRODUCTION

1.     Plaintiff Center for Social Justice brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, to compel Defendant Federal Bureau of Investigation (FBI) to make a determination and produce documents in response to two FOIA requests submitted by the Center for Social Justice.

2.     On June 13, 2025 and July 14, 2025, Plaintiff Center for Social Justice submitted FOIA Requests to Defendant ("June Request" and "July Request" respectively). Both requests sought all files and documents concerning FBI cases or investigations associated with Gregory Carl Brown Jr., William Powell Gay, Jr., and/or Annie Arbuthnot Gay. *See* Exhibit A (June Request) and Exhibit B (July Request) (collectively, the "Requests"). Despite its statutory obligation to do so, the FBI has failed to make a determination with regard to either request within the mandated timeframe. Accordingly, Plaintiff is entitled to a judgment declaring that the FBI has violated FOIA and ordering the FBI to make a determination on the Requests and produce documents responsive to the Requests immediately.

## JURISDICTION AND VENUE

3.     This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA) and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant declaratory, injunctive,

and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201–2202.

4.      Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because the statute permits filing in the District of Columbia.

## PARTIES

5.      Plaintiff Center for Social Justice resides in New Orleans, Louisiana. It filed FOIA requests with the FBI on June 13, 2025 and July 14, 2025.

6.      Defendant FBI is a component agency of the Department of Justice and, among other duties, is the federal agency responsible for maintaining records. FBI is an "agency" within the meaning of 5 U.S.C. § 552(f) and has control over the records Plaintiff seeks.

## FACTUAL ALLEGATIONS

**Plaintiff's Representation of Gregory Carl Brown, Jr.**

7.      The Center for Social Justice represents Gregory Carl Brown, Jr. in his post-conviction appeal. Mr. Brown was convicted of two counts of first-degree murder and was sentenced to death in 2002.

8.      The Center for Social Justice is examining Mr. Brown's convictions, and as part of its work, it is necessary to examine all aspects of the alleged crime, including the possibility of new scientific developments calling into question the validity of previous findings.

9.      The Center for Social Justice is aware that the FBI is in possession of records related to Mr. Brown's convictions, including but not limited to FBI Laboratory bench notes that were written by FBI examiners relating to evidence found at the scene of the crime. The FBI was involved in the investigation of the case, and key evidence introduced at trial included FBI examinations of pieces of phone cord found at the scene of the crime. These bench notes and other records related to the homicides are critical to investigating and developing claims for post-conviction.

10.     It is critical that the Center for Social Justice has access to any records related to Mr. Brown's case and the FBI's investigation of his case. Mr. Brown's supplemental post-conviction petition is due in state court on April 20, 2026. Although the Center for Social Justice maintains that the records are needed for this filing, it will continue to investigate and develop Mr. Brown's post-conviction claims after this filing deadline. Thus, these records are also essential to prepare for any future post-conviction hearing on the merits and filing(s) to supplement the petition.

**Plaintiff's FOIA Requests to Defendant FBI**

11.     On June 13, 2025, the Center for Social Justice submitted a FOIA request to Defendant through the FBI's eFOIPA submission portal. *See* Exhibit A. The June Request sought "[a]ny and all federal investigations regarding Gregory Carl Brown, Jr. […], William Powell Gay, Jr. […], and Annie Arbuthnot Gay." *Id*.

12.     Specifically, the June Request sought:

> Any and all records, documents, reports, analyses, notes, memoranda, audio and visual recordings, photographs, charts, correspondence, and any other tangible objects concerning homicide(s) that took place on or about October 4, 1998, at 12286 Feliciana Drive, Clinton, LA 70722; 4747 Frey Street, Baton Rouge, LA 70805; and/or the 1400 block of Emma Street, Baton Rouge, LA 70802.

*See* Exhibit A.

13.     The June Request also sought:

> Any and all bench notes, underlying data, analyses, reports, memoranda, examinations, charts, graphs, results, notes, correspondence, photographs, audio and visual recordings, drafts, documents, records, and other tangible objects concerning FBI Case ID #: 95A-HQ-1280658 and any other related FBI cases with ID numbers associated with Gregory Carl Brown Jr. [...], William Powell Gay, Jr. ([…]), and/or Annie Arbuthnot Gay ([…]) by any examiner, lab personnel or employee, or investigator.

*Id*.

14.     The June Request also contained an expedited processing request pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(I) ("that a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual"). *Id*.

15.     The FBI acknowledged receipt of the June Request on June 24, 2025. Exhibit C.

16.     The FBI acknowledged receipt of the Center for Social Justice's request for expedited processing on June 27, 2025, for the June Request. *See* Exhibit D. The FBI recognized that the Center for Social Justice "provided enough information concerning the statutory requirements permitting expedition," and granted the Center for Social Justice's request for expedited processing. *Id*.

17.     On July 14, 2025, Plaintiff submitted a FOIA request to the FBI through the FBI's eFOIPA submission portal. *See* Exhibit B. The request seeks:

> [C]opies of all files and documents listed below that are maintained or stored by the Federal Bureau of Investigation (FBI) in all filing systems and locations, concerning FBI Case ID #: 95A-HQ-1280658 and any other related FBI cases with ID numbers associated with Gregory Carl Brown Jr., […] William Powell Gay, Jr. […], and/or Annie Arbuthnot Gay […].

*See Id*.

18.     The July Request specifically sought documents or records from the following categories: technical procedures; manuals for machines, devices, and/or instruments; machine, devices, and/or instruments; validation records; quality manuals; accreditation; inspection/audits; and names and qualifications. *Id*.

19.     The July Request also contained an expedited processing request pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(I). *Id*.

20.     To date, the Center for Social Justice has not received any response or

acknowledgment from the FBI regarding the July Request besides the automatic reply that is generated when a request is submitted in the portal or when an email is sent to the general email address.

21.     On August 8, 2025, the Center for Social Justice requested an update on the June Request, noting that it had not heard from the FBI since its request to expedite was approved in June. *See* Exhibits E and F.

22.     On the same day, the Center for Social Justice also requested an update on the July Request. *See* Exhibits G and H. In this follow-up email, the Center for Social Justice noted that it had not received any correspondence regarding the July Request, and had not received a determination on the expedited processing request. *Id*. It noted that the July Request had not received a FOIPA request number either. *Id*.

23.     On August 13, 2025, the FBI responded to the Center for Social Justice's follow-up request regarding the June Request. *See* Exhibit I. The FBI stated that it estimated that the processing time for the June Request would be 2,010 days from the date the FBI opened the request. *Id*. This means that the FBI would process the Center for Social Justice's June Request by December 2030.

24.     Notably, the FBI's August 13th response did not contain a determination on the Center for Social Justice's June Request. The FBI did not indicate whether it would comply with the June Request, the scope of documents it would produce, or any exemptions it will claim with respect to any withheld documents.

25.     On December 3, 2025, the FBI contacted the Center for Social Justice via email to inform it that the FBI identified "approximately 461 pages potentially responsive to your request." *See* Exhibit J. The FBI stated that, based on the number of pages identified, it would take at least

44 months for the FBI to process the June Request. *Id*. This would mean that the FBI's determination and/or production of records would occur sometime around August 2029[1] or later. The FBI informed the Center for Social Justice that if it was willing to scale back its FOIA request, the FBI may be able to process the request sooner. *Id*.

26.     Noticeably lacking from the FBI's response, yet again, was a determination on the Center for Social Justice's June Request. The FBI did not indicate whether it would comply with the June Request, the scope of documents it would produce, or any exemptions it will claim with respect to any withheld documents.

27.     On December 8, 2025, the Center for Social Justice responded to the FBI's email, stating that it needs *all* responsive records pursuant to the June Request. *Id*. The Center for Social Justice, in the spirit of compromise and efficiency, indicated that its highest priority request was for "all bench notes, underlying data, analyses, reports, memoranda, examinations, charts, graphs, results, notes, correspondence, photographs, audio and visual recordings, drafts, documents, records, and other tangible objects" relating to Mr. Brown's case. *Id*. The Center for Social Justice emphasized this portion of its June Request because it would encapsulate the bench notes and related FBI Laboratory records. The Center for Social Justice also requested that the FBI produce the highest priority request by December 31, 2025, and provide an alternative timeline for production of the remaining items. *Id*.

28.     On December 9, 2025, the FBI responded to the Center for Social Justice's December 8th email stating that they "will proceed with the full request" and that the Center for

---

[1] The FBI's email is unclear regarding whether the estimate of "at least 44 months" starts from the date the FBI opened the June Request or whether it starts from the date of its email, *i.e.* December 3, 2025. The above date is calculated from the date of the email. Regardless of whether the 44 month period starts in June or December, the estimated date for a determination and / or production of records is still sometime in 2029.

Social Justice's "processing preferences will be forwarded to the assigned analyst." *Id*. That same day, the Center for Social Justice responded via email asking for the email and phone number of the assigned analyst. *Id*. The next day, the FBI responded stating that they were "unable to provide this contact information" of the assigned analyst and instead, provided the email for the FBI's Public Information Officer. *Id*. Since then, the Center for Social Justice has not received any correspondence from the FBI about the June Request.

29.    To date, the FBI has not provided a determination to the Center for Social Justice for either its June Request or July Request, notwithstanding the FOIA's requirement of an agency response within twenty (20) working days.

30.    The Center for Social Justice has constructively exhausted all applicable administrative remedies with respect to its FOIA requests to the FBI.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i) & 5 U.S.C. § 552(a)(6)(E)(iii)**
**Failure to Provide Notice of Determination on the June FOIA Request Within 20 Days**

31.    All of the foregoing allegations are repeated and realleged as though fully set forth herein.

32.    Defendant FBI is obligated under 5 U.S.C. § 552(a)(6)(A)(i) to promptly make a determination on FOIA requests within twenty working days. Under 5 U.S.C. § 552(a)(6)(E)(iii), Defendant FBI is also required to process any request for records to which the agency has granted expedited processing as soon as practicable.

33.    Plaintiff submitted its first FOIA request on June 13, 2025.

34.    Defendant FBI granted Plaintiff's request for expedited processing of the June Request.

35.    To date, Defendant FBI has not provided a determination on the Plaintiff's June

Request.

36.    Plaintiff has a legal right to obtain a determination and responsive records in an expedited manner.

37.    Defendant FBI's failure to provide a determination in response to the June Request and to process the Request violates 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(E)(iii).

**COUNT TWO**
**Violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i)**
**Failure to Provide Notice of Determination on the July FOIA Request Within 20 Days**

38.    All of the foregoing allegations are repeated and realleged as though fully set forth herein.

39.    Defendant FBI is obligated under 5 U.S.C. § 552(a)(6)(A)(i) to promptly make a determination on FOIA requests within twenty working days.

40.    Plaintiff submitted its second FOIA request on July 14, 2025.

41.    To date, Defendant FBI has not acknowledged receipt of the July Request or the request for expedited processing.

42.    Additionally, the FBI has not provided a determination on Plaintiff's July Request.

43.    Plaintiff has a legal right to obtain a determination and responsive records in an expedited manner.

44.    Defendant FBI's failure to provide a determination in response to the July Request violates 5 U.S.C. § 552(a)(6)(A)(i).

**COUNT THREE**
**Violation of FOIA, 5 U.S.C. § 552(a)(6)(E)**
**Failure to Make a Determination on Request for Expedited Processing and Provide Notice of a Determination on the July FOIA Request Within 10 Days**

45.    All of the foregoing allegations are repeated and realleged as though fully set forth herein.

8

46.     Defendant FBI is obligated under 5 U.S.C. § 552(a)(6)(E)(ii)(I) to provide a determination as to whether expedited processing shall be approved and notice of a determination within 10 days after the date of the request. Under 5 U.S.C. § 552(a)(6)(E)(iii), Defendant FBI is also required to process any request for records to which the agency has granted expedited processing as soon as practicable.

47.     Plaintiff submitted its second FOIA request on July 14, 2025, along with a request for expedited processing.

48.     To date, Defendant FBI has not acknowledged receipt of the July Request or the request for expedited processing.

49.     Defendant FBI has not provided a determination on Plaintiff's request for expedited processing of the July Request, nor has it provided a notice of determination with regard to the July Request.

50.     Plaintiff has a legal right to obtain a determination on both the July Request and the request for expedited processing.

51.     Plaintiff's request for expedited processing for the July Request should have been granted, as it pertains to the same facts and circumstances underlying the request for expedited processing of the June Request, which was granted by Defendant FBI.

52.     Defendant FBI's failure to provide a determination on expedited processing for the July Request violates 5 U.S.C. § 552(a)(6)(E)(ii)(I).

### COUNT FOUR
**Violation of FOIA, 5 U.S.C. § 552(a)(3)(A) & 5 U.S.C. § 552(a)(6)(E)(iii)**
**Failure to Process the June FOIA Request in an Expedited Manner and Make Records Promptly Available for the June FOIA Request**

53.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

54.    Defendant FBI granted the Center for Social Justice's request for expedited processing of the June Request.

55.    Pursuant to 5 U.S.C. § 552(a)(3)(A), Defendant FBI is obligated to make records promptly available in response to a FOIA request.

56.    Pursuant to 5 U.S.C. § 552(a)(6)(E)(iii), Defendant FBI is obligated to process as soon as practicable any request for records to which it has granted expedited processing.

57.    Defendant FBI indicated that it would not process the Center for Social Justice's Request for at least 44 months, has not produced any records, and has not indicated when it intends to produce records.

58.    Defendant FBI has failed to process Plaintiff's June Request in an expedited manner and make records promptly available in response to Plaintiff's June Request.

## COUNT FIVE
### Violation of FOIA, 5 U.S.C. § 552(a)(3)(A)
### Failure to Make Records Promptly Available for the July FOIA Request

59.    All of the foregoing allegations are repeated and realleged as though fully set forth herein.

60.    Pursuant to 5 U.S.C. § 552(a)(3)(A), Defendant FBI is obligated to make records promptly available in response to a FOIA request.

61.    Defendant FBI has not responded to nor made a determination on Plaintiff's July Request. Defendant has not produced any records and has not indicated when it intends to produce records in response to the July Request.

62.    Defendant FBI has failed to make records promptly available in response to Plaintiff's July Request.

10

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a.    Order Defendant to make a determination approving expedited processing for the July Request;

b.    Order Defendant to make a determination on the June and July Requests;

c.    Order Defendant to produce the requested records in their entirety and make copies available to Plaintiff in response to both the June and July Requests immediately;

d.    Provide for expeditious proceedings in this action;

e.    Retain jurisdiction of this action to ensure no agency records are wrongfully withheld and ensure compliance with this Court's order;

f.    Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

g.    Grant such other relief as the Court may deem just and proper.

Date: April 10, 2026

Respectfully submitted,

*/s/ Lauren Tortorella*
Lauren Tortorella
Olivia Sullivan (*pro hac vice* forthcoming)
**Benesch, Friedland, Coplan & Aronoff LLP**
71 S. Wacker Dr. Suite 1660
Chicago, IL 60606
Email: LTortorella@beneschlaw.com
Email: Osullivan@beneschlaw.com
Phone: 312-212-4949

*Attorney for Plaintiff*

11